IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES BELL, #275507 | * | |
| Petitioner | | |
| v. | * | CIVIL ACTION NO. DKC-05-925 |
| STATE OF MARYLAND, et al. | * | |
| Respondents. | | |
| | ****** | |

**MEMORANDUM**

**I. Procedural History**

On June 26, 1998, Charles Bell ("Petitioner") entered a guilty plea in the Circuit Court for Wicomico County, Maryland to charges of second degree rape, child abuse, and two counts of child pornography. Paper No. 10, Ex. 1. He was sentenced that same day to a 20-year term on the rape conviction, a 15-year consecutive term on the child abuse offense, and two 10-year consecutive terms on the child pornography convictions. *Id*. Petitioner was remanded into the custody of the Commissioner of Correction for a cumulative 55-year term. He did not file an application for leave appeal his convictions.

According to Respondents,[1] Petitioner initiated state post-conviction proceedings in the Circuit Court for Wicomico County on February 7, 2000.[2] *Id*. An initial hearing was conducted before Circuit

---

[1] In light of the Amended Petition, the Clerk shall amend the docket to add the Attorney General for the State of Maryland as a respondent.

[2] The certified docket attached to the amended Petition and the Answer shows, however, that the State filed its answer to the post-conviction petition on December 14, 1999, almost two months before the petition was docketed as filed in the circuit court. Paper No. 3, Ex. 1; Paper No. 10, Ex. 1. In an effort to explain this docketing sequence, counsel for Respondents contacted the State's Attorney's Office for Wicomico County. Paper No. 10, Mem. at 4, n. 3. An Assistant State's Attorney indicated that the Office had

Court Judge Donald C. Davis on June 7, 2000. Paper No. 10, Ex. 1. After several continuances were granted, the parties appeared before Judge Davis on November 6, 2000. *Id*. An agreement was reached whereby Petitioner was allowed to file a belated motion for modification of sentence in return for his withdrawal of his post-conviction petition with prejudice. *Id*. On November 20, 2000, a court order was filed permitting the voluntary dismissal of the petition. *Id*. The certified state court docket shows that after Petitioner's motion for modification was denied in 2001, he filed a pro se request " to [his] right to relief for ineffective assistance of counsel in post-conviction proceeding...." *Id*. This request was denied on August 27, 2002.[3] On January 9, 2004, Petitioner filed a motion to reopen his first post-conviction petition. *Id*. Judge Davis denied the motion to reopen on May 6, 2004, and the order was entered on the circuit court docket on May 6, 2004. *Id*., Ex. 1; see also Paper No. 3 at Attachment. Petitioner filed an application for leave to appeal on June 4, 2004, which, according to Respondents, remains pending in the Court of Special Appeals of Maryland. Paper No. 10, Mem. at 4, Ex. 1.

The original 28 U.S.C. § 2254 Petition, challenging the convictions for rape, child abuse and child pornography, is dated March 24, 2005, and was received for filing on April 5, 2005.[4] Petitioner claims that his plea was involuntary, that there were instances of prosecutorial misconduct, and that trial and post-conviction counsel were ineffective. Paper Nos. 1 & 3.

---

received a copy of the post-conviction petition on November 24, 1999, and filed an answer in the circuit court on December 14, 1999. *Id*. The circuit court made an inquiry as it had not received a copy of the petition. The State's Attorney's Office forwarded a copy of the post-conviction petition to the circuit court, and the petition was docketed as filed on February 7, 2000. *Id*. Petitioner acknowledges that his post-conviction petition was filed on February 7, 2000. Paper No. 3 at 4, § 11.B.

[3]   It is not clear whether this request was filed and denied on the same date. The filing and denial of the document is only reflected in one docket entry dated August 27, 2002. Paper No. 10, Ex. 1.

[4]   The court-ordered Amended Petition was filed on May 2, 2005. Paper No. 3.

Respondents were ordered to provide this court a limited show cause response as to the issue of timeliness. On July 8, 2005, Respondents filed an Answer, arguing that the Petition is time-barred. Paper No. 10. Petitioner was afforded the opportunity to file a reply, but has not done so. The Petition may be determined without oral hearing. *See* Local Rule 105.6. (D. Md. 2004). For reasons to follow, the Petition shall be denied and dismissed as untimely.

## II. Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, defendants convicted in state court on a non-capital offense are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d).[5]  Petitioner's

---

[5] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

conviction became final, at the latest, on Monday, July 27, 1998, when the 30-day time period for seeking leave to appeal expired. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-302(e); Md. Rule 8-204(a) & (b); *Frasch v. Peguese*, ___ F.3d. ___, ___, 2005 WL 1579790, *1-2 (4th Cir. July 1, 2005); *see also Wade v. Robinson*, 327 F.3d 328, 331 (4th Cir.), *cert. denied*, 540 U.S. 912 (2003). Petitioner had one year from July 27, 1998, to file this § 2254 Petition.

Sections 2244(d)(2) provide for statutory tolling of the limitation period while post-conviction proceedings are pending. In Petitioner's case, however, the one-year limitation period ran uninterrupted as no post-conviction proceeding was pending for the twelve months following July 27, 1998.[6] In sum, the limitation period had already expired prior to the filing of Petitioner's post-conviction petition.[7] Therefore, this Petition is not subject to statutory tolling.

The one-year limitation period under § 2254 is, however, additionally subject to equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246-47 (4th Cir. 2003), *cert. denied*, 541 U.S. 904 (2004); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce

---

> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[6] The court further observes that during the time period of November 21, 2000 to August 26, 2002 and August 28, 2002 to January 9, 2004, no post-conviction pleadings were pending in the Circuit Court for Wicomico County.

[7] Given the expiration of the one-year limitation period on July 27, 1999, even if Petitioner's post-conviction petition was deemed to be filed on the November 24, 1999 date it was received by the State's Attorney's Office, rather than the February 7, 2000 date it was filed in the Circuit Court for Wicomico County, this Petition would still be time-barred.

the limitation period against the party and gross injustice would result." *Id*. at 330.   Petitioner is only entitled to equitable tolling if he presents extraordinary circumstances beyond his control or external to his own conduct that prevented him from filing on time.  *Rouse v. Lee*, 339 F.3d at 246.

Petitioner does not make an equitable tolling argument.  Rather, he seemingly argues that the one-year limitation period should not apply because he has not had the opportunity to raise his grounds on direct appeal or collateral review and would be left without a remedy.  Paper No. 3 at 5, § 14.  A petitioner is not entitled to equitable tolling unless he "diligently pursue[s] his § 2254 relief." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).  Petitioner slept on his rights.  While it is unfortunate that he is now without a state or federal forum to substantively review his claims, the fact remains that he: (i) did not seek leave to appeal, (ii) waived his right to complete the post-conviction process, and (iii)  filed this § 2254 Petition long after the expiration date of the limitation period.   The court concludes that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented.

### III.  Conclusion

For the aforementioned reasons, this § 2254 Petition is hereby denied and dismissed with prejudice as time-barred.  A separate Order follows.


Date:   August 3, 2005                                       /s/                       
                                                      DEBORAH K. CHASANOW
                                                      United States District Judge